James T. Hudson, Esq. (SBN 43436)
LAW OFFICES OF JAMES T. HUDSON
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010
Telephone: (213) 386-2747
Facsimile: (213) 386-3916
E-Mail: james.hudson.law@ca.rr.com

Attorney for Plaintiff and Counterdefendant
Raymond B. Pollok

# UNITED STATES DISTRICT COURT

## CENTRAL DISCTRICT- LOS ANGELES DIVISION

| | |
|---|---|
| Raymond B. Pollok, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>Northrop Grumman Health Plan, an employee benefit plan, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.: CV09-07006 JST(PJWx)<br><br>Judge: Hon. Josephine Staton Tucker<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT RAYMOND B. POLLOK TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (F.R.P.C. 52(b))**<br><br>Date: August 22, 2011<br>Time: 10:00 a.m.<br>Ctrm: 10A |
| Northrop Grumman Health Plan,<br><br>    Cross-claimant,<br><br>vs.<br><br>Raymond B. Pollok,<br><br>    Counterdefendant | |

TO ALL PARITES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 22, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff and

NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT RAYMOND B. POLLOK TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (F.R.P.C. 52(b))

1

Counterdefendant Raymond B. Pollok will and hereby does move this Court to amend and supplement its findings of fact and conclusions of law, in the following particulars:

### First Requested Amendment to Findings

Findings of Fact Nos. 11, 12 and 13 should be amended and supplemented to read as follows:

1. As of 2004, there was no finalized UNUM long term disability policy, only a "Draft" policy; the UNUM draft policy was not finalized until 2006 or later (Rodriguez deposition 50:15-51:4, 118:17-122:1).

2. As of August 2004, there were two NGC benefits websites: (1) an unsecure benefits website open to the public and (2) a separate secure benefits website available only to NGC employees (McMillan deposition 15:23-16:23); both websites were entitled "Benefits Online" (Rodriguez depo 53:20-54:2; 55:18-56:16).

3. NGC's practice in 2004 was to advise an employee such as Mr. Pollok that the LTD policy was not yet in existence and hence they should refer to the SPD on the NGC secure website restricted to NGC employees (Rodriguez deposition 53:20-56:16).

4. As of August 12, 2004 Mr. Pollok became permanently disabled from work due to back pain; prior to and after that date he was advised by NGC and UNUM employees that the policy was not yet in existence and he should refer to the Summary Plan Description (SPD) on the NGC secure website for the controlling coverage provisions (UNUM 616-626; Pollok deposition 15:11-21:22).

5. Mr. Pollok was advised to use the "intranet" or secure NGC benefits website (Pollok deposition 19:12-23, 21:12-22).

NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT RAYMOND B. POLLOK TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (F.R.P.C. 52(b))

2

6. As directed, in 2004 Mr. Pollok logged on to the secure intranet website, carefully examined the SPD and copied portions relevant to his claim; the SPD reviewed in 2004, before and after Mr. Pollok became disabled, contained no provision for offsets from monthly benefits for benefits received from other sources (UNUM 616-626; Pollok deposition 22:1-27:25).

7. The copies of the SPD pages Mr. Pollok printed out in 2004 were from the secure NGC website which could only be accessed by employees; they were not from the unsecure website (Rodriguez deposition 124:22-126:18).

8. Mr. Pollok never visited the unsecure NGC benefits website (Pollok deposition 54:16-25).

9. Other than the evidence provided by Mr. Pollok, there is no competent, admissible evidence as to the terms of the SPD on the secure NGC benefits website as of August 2004 (Rodriguez deposition 63:11-64:1, 77:16-21, 83:4-85:5; McMillan deposition 14:11-19, 17:2-20, 19:21-20:7, 44:22-45:5, 54:2-5).

<u>Grounds for First Requested Amendment to Findings</u>

The depositions of Ana Rodriguez, Kristin McMillan and Raymond B. Pollok established that:

a) At the time of Plaintiff's disability in 2004, the UNUM policy was still being drafted and there was no "non-draft" policy in existence;

b) At the time of Plaintiff's disability in 2004 there were two Northrop "Benefits Online" websites, one open to the public and the other one a secure website available only to Northrop employees;

c) Plaintiff was advised there was no policy in existence, and that he should refer to the SPD on the secure Northrop benefits website for information regarding the long term disability plan; and

    d) The Northrop secure benefits website consulted by Plaintiff in 2004 did not contain an offset provision.

### Second Requested Amendment To Findings

Conclusion of Law No. 2 should be amended to read as follows:

1. The Court adopts a *de novo* standard of review in this case since there is no competent evidence that there was discretionary language in the plan documents as of August 2004. There is no evidence that the 2004 NGC secure website SPD contained discretionary language. There is no competent, admissible evidence as to the terms of any SPD or policy other than the secure website SPD as of August 2004. Plan documents with the terms most favorable to the participant controls (*Bergt vs. Retirement Plan for Pilots* (9th Cir. 2002) 293 F.3d 1139).

### Grounds for Second Requested Amendment To Findings

The depositions of Ana Rodriguez, Kristin McMillan and Raymond B. Pollok established that there is no competent evidence of discretionary language in the plan documents, which consisted of the SPD on the Northrop secure benefits website.

### Third Requested Amendment To Findings

Consistent with the request to amend Findings of Fact Nos. 11, 12 and 13, Conclusions of Law Nos. 3, 4 and 5 should be amended and supplemented to read as follows:

1. An insurer has the burden of proof on exclusions or limitations to coverage (*Waller vs. Truck Ins. Exchange* (1995) 11 C 4th 1, 16, 44 CR 2d 370). Further, provisions that take away or limit coverage reasonably expected by

the insured must be "conspicuous, plain and clear" (*Haynes vs. Farmers Ins. Exch.* (2004) 32 C 4th 1198, 1204, 13 CR 3d 68).

2. In ERISA cases, a Summary Plan Description (SPD) must be provided to Plan participants. The SPD must contain a "prominent disclosure" of matters which may result in "disqualification, ineligibility, or denial or loss of benefits" (see 29 USC § 1022(b); 29 CFR § 2520.102-2(b)).

3. The terms of the ERISA plan in this case is to be determined as of the date of Plaintiff's disability in August 2004 (*Feifer vs. Prudential Ins. Co. of America* (2d Cir. 2002) 306 F.3d 202).

4. The Court concludes, in accordance with the above findings of fact and in accordance with the evidence in the administrative record and deposition testimony, that the terms of the ERISA plan as of the date of disability in August 2004 did not include a provision for offsetting benefits by the amount of income received from other sources.

<u>Grounds For Third Requested Amendment To Findings</u>

Same grounds as set forth to amend Findings of Facts Nos. 11, 12 and 13.

<u>Fourth Requested Amendment To Findings</u>

Consistent with the request to amend Findings of Fact Nos. 11, 12 and 13, Conclusions of Law Nos. 6 and 7 should be amended and supplemented to read as follows:

1. The Counterclaim for reimbursement of alleged overpayment has no merit because pursuant to the relevant plan documents there was no overpayment.

2. The Court concludes Plaintiff is entitled to judgment on the Complaint as follows:

NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT RAYMOND B. POLLOK TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (F.R.P.C. 52(b))
5

a) Plaintiff is entitled to damages for state disability benefits withheld from plaintiffs basic benefit in the total amount of $18,717.11 plus prejudgment interest thereon of $10,138.43;

b) Plaintiff is entitled to damages for monthly benefits withheld from December 2008 through the date of trial, calculated as $9,761.27 per month, for 26 months, or a total of $253,793.02 plus prejudgment interest of $25,379.30; and

c) Defendant is ordered to reinstate Plaintiff's monthly basic benefit of $9,761.27 per month from the date of trial until Plaintiff turns age 65 (last payment due September 10, 2011);

<u>Grounds for Fourth Requested Amendment To Findings</u>

Same grounds as set forth to amend Findings of Fact Nos. 11, 12 and 13.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Administrative Record and Deposition Transcripts of Ana Rodriguez, Kristin McMillan and Raymond B. Pollok previously lodged with the Court, and all other pleadings, papers and records on file or lodged in this action, and on such other and further evidence as may be presented at the time of hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 12, 2011.

DATED: July 22, 2011				LAW OFFICES OF JAMES T. HUDSON

				By: /s/ James T. Hudson
				JAMES T. HUDSON
				Attorney for Plaintiff and Counterdefendant
				Raymond B. Pollok

NOTICE OF MOTION AND MOTION OF PLAINTIFF AND COUNTERDEFENDANT RAYMOND B. POLLOK TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW (F.R.P.C. 52(b))
6